IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LILLIE W. BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Civil Action No. 12-750 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

AND NOW, this 7th day of August, 2013, upon consideration of Defendant's Motion for Summary Judgment (document No. 11) filed in the above-captioned matter on October 1, 2012,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 9) filed in the above-captioned matter on September 10, 2012,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

1

I. **Background**

On July 24, 2008, Plaintiff Lillie Wilson Brooks filed her application claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§1381-1383f. (R. 10). In her application, Plaintiff claimed that she became disabled on October 19, 2007, due to bipolar disorder, sleep apnea, high blood pressure, seizure disorder, and tumors in the esophagus. (R. 155).

After being denied initially on November 21, 2008, Plaintiff filed a "Request for Hearing by Administrative Law Judge ("ALJ") on December 29, 2008. (R. 66, 71, 76). A hearing before the ALJ was held on May 26, 2010 (R. 10, 24), and, in a decision dated June 16, 2010, the ALJ denied Plaintiff's request for benefits. (R. 10-18). The Appeals Council declined to review the ALJ's decision on April 16, 2012. (R. 1-5). On June 5, 2012, Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether

2

the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (quoting 42 U.S.C. § 405(g)); Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence - particularly certain types of evidence (e.g., that offered by treating physicians) - or if it really constitutes not evidence but mere conclusion." Id. at 317.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ....'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments is not severe if it does not

4

significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. §§ 404.1520(e), 416.920(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(g), 416.920(g). In making this determination, the ALJ

should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

### III. **The ALJ's Decision**

In the present case, the ALJ found that Plaintiff met the insured requirements of the Social Security Act through December 31, 2012. (R. 12). Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that she was disabled on or before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since August 5, 2008.[1] (R. 12). The

---

[1] The Court notes that the parties dispute whether the ALJ properly found this to be the correct alleged onset date. In his decision, the ALJ stated that Plaintiff alleged an onset date of August 5, 2008, at the hearing. (R. 10). Plaintiff, however, denies that she ever alleged an August 5, 2008 onset date at the hearing. See (Doc. No. 13 at 4). She contends that she amended her onset date to January 16, 2010, and that this amendment was set forth in the "Hearing Memorandum" that was submitted to the ALJ on May 24, 2010, two days before the hearing. See (Doc. No. 13 at 2, 3); (R. 216, 232). Plaintiff maintains that the ALJ erred in finding an onset date of August 5, 2008, and though she concedes that she "did not specifically mention the [January 16, 2010] amended onset date at the hearing," she asserts that it was clearly alleged in the Hearing Memorandum that was submitted to the ALJ and incorporated into the administrative record prior to the hearing. (Doc. No. 13 at 3). While the Court does not reach the issue of

6

ALJ also found that Plaintiff met the second requirement of the process insofar as she had severe impairments, specifically, mood disorder and possible adjustment disorder. (Id. at 13). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (Id. at 14).

The ALJ found that Plaintiff retained the RFC to "perform a full range of work at all exertional levels but with the following nonexertional limitations: low stress environment with no need to interact with the public." (Id. at 15). Based on this RFC, Plaintiff established that she was incapable of returning to her past employment; therefore, the ALJ moved on to Step Five. (Id. at 16). The ALJ then used a vocational expert ("VE") to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs, including assembler, hotel cleaner, and sanitation worker, that exist in significant numbers in the national economy. (R. 17, 48). Accordingly, the ALJ found that Plaintiff was not disabled. (Id. at 17).

---

whether Plaintiff sufficiently amended her onset date by way of her Hearing Memorandum, the confusion surrounding the amended onset date must be resolved on remand. It appears that the ALJ interpreted counsel's statement at the hearing that Plaintiff's application for benefits "dates back to August 5, 2008" to mean that she was alleging disability as of that date. See (Doc. No. 7-2 at 27). Plaintiff is advised to ensure that any amendment to her alleged onset date is communicated directly to the ALJ, in a clear and unambiguous manner.

## IV. Legal Analysis

The crux of Plaintiff's claim is that the ALJ erred by not according controlling weight to the opinion of her treating psychiatrist, Dr. Bulgarelli, who found that her impairments (1) had "marked limitations" in her activities of daily living and concentration, persistence, or pace, (2) caused her to experience "[t]hree or more episodes of decompensation within 12 months, each at least two weeks long," and (3) would cause her to be absent from work four days per month. See (R. 1727-1730). She contends that Dr. Bulgarelli's opinion was supported by the opinion of Dr. Carusso, the state agency consultative examiner, who found "marked" limitations in Plaintiff's ability to (i) carry out short, simple instructions, (ii) make judgments on simple work-related decisions, and (iii) respond appropriately to changes in a routine work setting. (R. 1196). Plaintiff asserts that the record as a whole provided support for Dr. Bulgarelli's opinion, which the ALJ discredited without relying on contradictory medical evidence, and that the ALJ improperly substituted his own lay opinion in determining she was not disabled. See (Doc. No. 10 at 6-7). She also argues that the ALJ's failure to accord controlling weight to Dr. Bulgarelli's opinion precludes his Step Three medical listing finding from being supported by substantial evidence. See (Id. at 11). Defendant argues that the record evidence as a whole provides

substantial support for the ALJ's evaluation of the treating psychiatrist's opinion of disability and his ultimate determination of non-disability.

While the Court does not agree with all the arguments raised by Plaintiff, it does agree that remand is warranted in this case. Specifically, the Court finds that substantial evidence does not support the ALJ's RFC determination because the ALJ (1) failed to address and discuss countervailing opinion evidence which conflicted with his RFC finding, and (2) did not incorporate credibly established limitations into his RFC determination, which led to a deficient hypothetical being posed to the VE. As a consequence of the deficient hypothetical, the Court cannot consider the VE's testimony to be substantial evidence that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, despite her limitations. In light of these errors, the Court cannot conclude that substantial evidence supports the ALJ's ultimate determination that Plaintiff is not disabled. Accordingly, the Court will remand the case for further consideration consistent with this Order.

### RFC Determination

The Court finds that the ALJ's RFC determination is deficient for two reasons: First, the ALJ failed to discuss the findings of Dr. Carusso and Dr. Rohar, state agency

9

psychologists who each rendered an opinion regarding Plaintiff's nonexertional limitations that conflicted with the ALJ's ultimate RFC determination. Second, the ALJ's RFC determination failed to account for his own finding that Plaintiff had moderate limitations in concentration, persistence, and pace, and, as a result, (i) his RFC finding failed to accurately portray the work that Plaintiff is able to perform despite her limitations, and (ii) his hypothetical to the VE failed to convey all of her credibly established limitations.[2]

---

[2] In light of the Court's finding that the ALJ failed to properly evaluate the findings by Dr. Carusso and Dr. Rohar, the Court cannot conclude that substantial evidence supports his evaluation of Dr. Bulgarelli's opinion since his assessment could have been impacted by the findings of the state agency psychologists. On remand, the ALJ is advised to demonstrate meaningful consideration of all the relevant medical opinions in the record and to analyze any treating physician opinions in accordance with the applicable rules and regulations. See Adorno, 40 F.3d at 48 ("the ALJ must weigh the relative worth of a treating physician's report against the reports submitted by other physicians who have examined the claimant"). To that end, the Court notes that opinions from treating physicians should be given great weight only "when their opinions reflect expert judgment based on a *continuing observation* of the patient's condition *over a prolonged period of time*." Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir. 1987) (emphasis added); 20 C.F.R. § 404.1527(d)(2). The record appears to indicate that no such relationship existed between Plaintiff and Dr. Bulgarelli. At the time Dr. Bulgarelli wrote his May 25, 2010 opinion, he had only seen Plaintiff a total of six times between March 31, 2008 and April 16, 2010. See (R. 955, 1277-78, 1372, 1506, 1628, 1667). According to Plaintiff, she performed substantial gainful activity for the majority of that time period, and did not stop working until January 15, 2010, the day she quit her job at Family Links where she had worked for over a year. See (Doc. No. 10 at 2-3); (Doc. No. 13 at 2). Plaintiff's mental health records from 2010 indicate that prior to submitting his May 25, 2010 "Mental Impairment Questionnaire," Dr. Bulgarelli only met with Plaintiff three times: (i) February 25, 2010 (R. 1506), (ii) April 11, 2010 (R. 1667), and (iii) April 16, 2010 (R. 1628). The February 25, 2010 treatment session was the first time Dr. Bulgarelli had seen Plaintiff since September of 2008. See (R. 1506). Against this backdrop, it appears

*Failure to Address Relevant Medical Opinions*

RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." Fargnoli, 247 F.3d at 40; see also 20 C.F.R. §§ 404.1545(a), 416.945(a). In determining an individual's RFC, an ALJ must consider all relevant evidence which "includes medical records, observations made during formal medical examinations, descriptions of limitations by the claimant and others, and observations of the claimant's limitations by others." Id. at 41 (citing 20 C.F.R. § 404.1545(a)). Importantly, an ALJ must ensure that his RFC determination is "accompanied by a clear and satisfactory explication of the basis on which it rests.'" Id. (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)); see also Social Security Ruling ("S.S.R.") 96-8p, 1996 WL 374184 (S.S.A.), at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)").

"When making a residual functional capacity determination, 'an ALJ may not reject pertinent or probative evidence without

---

that the documented length and frequency of this treatment relationship counsels against the assignment of great weight to Dr. Bulgarelli's opinion. It also makes Plaintiff's contention that the ALJ simply "plucked" a positive treatment note "from a single April 2010 treatment record" unavailing. See (Doc. No. 10 at 9).

explanation.'" Russo v. Astrue, 421 Fed. Appx. 184, 190 (3d Cir. 2011) (quoting Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir.2008)). An ALJ "must describe how the evidence supports his conclusion and explain why certain limitations are not accepted as consistent with the medical or other evidence." Noah v. Astrue, 2013 WL 364235, at *2 (W.D. Pa. Jan. 30, 2013) (citing Plummer, 186 F.3d at 429 ("An ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.")). While an ALJ is not bound by any medical opinions in the record, he must nonetheless (i) demonstrate his consideration of all the relevant medical evidence and (ii) explain which evidence he chose to reject in arriving at his conclusion. See Plummer, 186 F.3d at 429 ("The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects."); Cotter, 642 F.2d at 706 ("[T]here is a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence or when there is conflicting probative evidence in the record.");

In his decision, the ALJ found that Plaintiff retained the functional capacity to "perform a full range of work at all exertional levels but with the following nonexertional limitations: low stress environment with no need to interact with the public." (R. 15). He then provided the following supporting explanation:

> In making this determination, I have given
> greater weight to the opinion of [Dr. Laufe] the
> consultative examiner who examined the claimant from a
> physical perspective. His report was the most thorough
> narrative on the claimant's physical abilities
> (Exhibit 17F). I have also given greater weight to the
> actual treatment notes provided by the claimant's
> treating physician regarding the claimant's mental
> state. Although the doctor concluded that the
> claimant is disabled by her combination of physical
> and mental ailments (Exhibit 19F), and by her "marked"
> limitations in her mental ability (Exhibit 33F), his
> own treatment records do not support the conclusion.
> His ongoing notes indicate that the claimant's mood
> was generally stable with only occasional increase of
> symptoms as a consequence of situations and events.
> (Exhibit 31F). Contrary to the doctor's assertion that
> the claimant was unable to work, he had almost
> simultaneously recommended the claimant for vocational
> assistance (Exhibits 19F, 31F/10-11).
>
> I have considered all symptoms and the extent to
> which these symptoms can reasonably be accepted as
> consistent with the objective medical evidence and
> other evidence, based on the requirements of 20 CFR
> 404.1529 and 416.929 and SSRs96-4p and 96-7p. I have
> also considered opinion evidence in accordance with
> the requirements of 20 CFR 404.1527 and 416.927 and
> SSRs 96-2p, 96-5p, 96-6p and 06-3p.

(R. 15-16). Although the ALJ identified, discussed, and

assigned weight to the opinions of Dr. Laufe, the physical

consultative examiner (Exhibit 17F), and Dr. Bulgarelli, the

treating psychiatrist (Exhibit 33F), he failed to identify,

discuss, and assign weight to the opinions of Dr. Carusso, the

psychological consultative examiner (Exhibit 13F), and Dr.

Rohar, the non-examining state agency psychologist (Exhibits 14F

& 15F). The ALJ's only remarks concerning Dr. Carusso's

examination is limited to the following references:

13

> **When the claimant was psychologically evaluated on October 17, 2008, she reported that she felt she was disability [sic] primarily because of her physical health ailments (Exhibit 13F).** At her physical evaluation a month later on November 13, 2008, the claimant reported that she "felt well and was active without regular exercise. . . .
>
> There are numerous inconsistencies in the record. The claimant testified that her mental state is the primary reason she cannot work.[3] **Yet, she told the psychological consultant that her physical problems were the chief reason she was disabled (Exhibit 13F).**

(R. 14, 16) (emphasis added). While the ALJ acknowledged the fact that Plaintiff had undergone a psychological consultative examination on October 17, 2008, he failed to discuss the findings of that examination. The ALJ also does not reference Dr. Rohar's opinion at any point throughout his decision and does not even allude to the existence of a non-examining state agency opinion in the record. These errors warrant remand because Dr. Carusso and Dr. Rohar each offered opinions identifying nonexertional limitations that neither were included in the RFC assessment nor explained away by the ALJ.

Indeed, Dr. Rohar examined the record on November 3, 2008, and found that Plaintiff was "markedly limited" in her ability

---

[3] The Court notes that substantial evidence does not support the ALJ's apparent conclusion that Plaintiff testified inconsistently at the hearing regarding her last day worked. See (R. 16). The Court has reviewed the hearing transcript and it is unclear where the ALJ got the impression that she provided inconsistent testimony about this issue. In her opening statement, Plaintiff's counsel said that Plaintiff "is currently unemployed and has not worked for the past five months." (R. 27). Plaintiff's attorney later asked her when was the last time she worked, to which Plaintiff replied, "[m]y last day of work was January 15, 2010." (R. 31).

to (i) understand and remember detailed instructions and (ii) carry out detailed instructions. He further found that Plaintiff was "moderately limited" in her ability to (i) carry out very short and simple instructions, (ii) maintain attention and concentration for extended periods, (iii) work in coordination with or proximity to others without being distracted by them, (iv) make simple work-related decisions, and (v) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. 1198-99).

Dr. Carusso examined Plaintiff and found that she had "marked" limitations in her ability to (i) carry out short, simple instructions and (ii) make judgments on simple work-related decisions, and (iii) respond appropriately to changes in a routine work setting. (R. 1196). Dr. Carusso also found "moderate" limitations in Plaintiff's ability to (i) understand and remember short, simple instructions, and (ii) understand and remember detailed instructions, (iii) interact appropriately with the public, supervisors, and coworkers, and further found that Plaintiff had "extreme" limitations in her ability to carry out detailed instructions. (Id.).

Although Dr. Rohar noted the inconsistency between his findings and Dr. Carruso's report, See (R. 1200), the ALJ failed

15

to acknowledge and resolve the conflict created by these opinions and essentially dismissed Dr. Carusso's findings based on Plaintiff's statement that she felt she was disabled "primarily because of her physical health ailments." See (R. 14). The Court has reviewed Dr. Carusso's nine-page report and it appears that the ALJ picked one statement and interpreted it as evidence that Plaintiff was feigning any mental health issues; had Plaintiff not qualified that statement throughout the examination and described her struggle with her psychological issues and the limitations they caused, the Court might agree with that conclusion. Regardless, Plaintiff's allegedly inconsistent statement may have provided the ALJ with grounds to assign less weight to Dr. Carusso's opinion and/or deem her subjective complaints to be less credible; however, it was not a basis to completely forego discussion of Dr. Carusso's findings, especially when they conflicted with the ALJ's RFC determination and tended to support the opinion of the treating physician.

In sum, the Court cannot overlook the ALJ's failure to discuss the findings made by the state agency consultants, explain how much weight he assigned to their opinions, and resolve the conflict that was created between their opinions and his RFC finding. These errors strip the Court of its ability to perform meaningful judicial review since it is left "wonder[ing]

whether he considered and rejected them, considered and discounted them, or failed to consider them at all." Fargnoli, 247 F.3d at 43-44. Accordingly, the ALJ's "failure to consider and explain his reasons for discounting all of the pertinent evidence before him in making his residual functional capacity determination" requires remand. Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2000); see also Adorno, 40 F.3d. at 48 (ordering remand based on ALJ's failure to mention and refute some of the contradictory medical evidence before him).

*Failure to Incorporate Credibly Established Limitations*

The Court also finds that the ALJ's RFC determination lacks substantial evidentiary support since the ALJ failed to include restrictions accounting for Plaintiff's moderate limitations in concentration, persistence, and pace. The ALJ's restriction to a "low stress environment" with no need for public interaction does not suffice to address his own finding that Plaintiff was moderately limited in those areas and his failure to explain how this restriction accommodated Plaintiff's limitation requires remand since his RFC finding does not accurately reflect the type of work that Plaintiff is able to perform despite her limitations. Compare with McDonald v. Astrue, 293 Fed. Appx. 941, 946-47 (3d Cir. 2008) and Menkes v. Astrue, 262 Fed. Appx. 410, 412 (3d Cir. 2008) ("Having previously acknowledged that [Plaintiff] suffered moderate limitations in concentration,

17

persistence, and pace, the ALJ accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.'").

As a result of the ALJ's failure to incorporate all of Plaintiff's credibly established limitations into his RFC determination, an inaccurate hypothetical was posed to the VE. See Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) ("the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations."). Since the VE's testimony was based on a deficient hypothetical, it cannot be considered substantial evidence of jobs that exist in significant numbers in the national economy that Plaintiff is able to perform. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987) ("A hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence"); see also Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).

## V. Conclusion

In short, the Court finds that substantial evidence does not support the ALJ's evaluation of the medical opinion evidence, RFC determination or hypothetical to the VE. Accordingly, the Court finds that substantial record evidence does not support the ALJ's determination of non-disability and

the Court hereby remands this case to the Commissioner for reconsideration consistent with this Order.

                                           s/Alan N. Bloch
                                           United States District Judge

ecf:    Counsel of record